# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ENTUCKY
### AT LOUISVILLE

**ROBERT HARDEN,**                                                                         **PLAINTIFF**
**Father of C.H.H. and H.M.H., Minors**

**v.**                                                          **CIVIL ACTION NO. 3:16CV-P640-TBR**

**STATE OF KENTUCKY** *et al.*                                                    **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

By Memorandum and Order entered March 3, 2017 (DN 15), the Court vacated its

October 31, 2016, Order (DN 8) granting Plaintiff's application to proceed *in forma pauperis*;

denied Plaintiff's application to proceed *in forma pauperis* as barred by 28 U.S.C. § 1915(g), *i.e.*,

the three-strikes provision of the federal *in forma pauperis* statute; and directed Plaintiff to pay

the $400.00 fee for filing a civil rights action within 30 days.  Plaintiff filed a motion for

reconsideration (DN 16) of that March 3, 2017, Order.  By Memorandum and Order entered

April 13, 2017 (DN 19), the Court denied the motion for reconsideration and ordered Plaintiff to

pay the full balance[1] of the $400.00 filing fee within 21 days from entry of that Memorandum

and Order.  The Court warned Plaintiff that his failure to comply within the time allotted would

result in dismissal of the action and his continued responsibility for payment of the $274.45

balance of the $400.00 fee for filing this action.

The 21-day compliance period has expired, and a review of the Court's records reveals

that Plaintiff did not pay the balance of the filing fee in full.[2]  Rather, he filed a letter (DN 20),

---

[1] The Court's records revealed that payments in the amount of $125.55 had been made toward payment of
the filing fee.  The Court, therefore, ordered Plaintiff to pay the full $274.45 balance within 21 days.

[2] The Court's records currently reveal a $224.45 balance of the $400.00 filing fee.  Thus, while $50.00
has been paid toward the balance, such payment does not constitute compliance with this Court's Orders
(DNs 15 & 19) directing Plaintiff to pay the underline full balance of the filing fee.

wherein he complains that the Nebraska Department of Correctional Services is still deducting funds from his account pursuant to the vacated October 31, 2016, Order. He fails to explain why he failed to pay the filing fee in full. Consequently, **the action will be dismissed by separate Order** pursuant to Fed. R. Civ. P. 41(b) for failure to comply with a prior Order of the Court and for failure to prosecute.[3]

As the Court previously advised Plaintiff, dismissal of this action does not relieve him of his responsibility to pay the requisite filing fee in this action. *In re Alea*, 286 F.3d 378, 381 (6th Cir. 2002); *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). The obligation to pay the filing fee attaches when a prisoner "brings a civil action." *In re Alea*, 286 F.3d at 381. "The subsequent dismissal of the action under § 1915(g) for failure to pay that fee does not negate or nullify the litigant's continuing obligation to pay the fee in full." *Id.*

Accordingly, **the prior Orders (DNs 15 & 18) obligating Plaintiff to pay the $400.00 filing fee in this action remains in full effect**.

Because the Court has vacated the October 31, 2016, Order that directed the Nebraska Department of Correctional Services to collect Plaintiff's filing fee in installments,

**IT IS ORDERED that the Nebraska Department of Correctional Services SHALL CEASE collecting the filing fee under that vacated Order**.

Further, because it appears based on attachments to Plaintiff's letter (DN 20) that the Nebraska Department of Correctional Services is continuing to collect the filing fee despite the

---

[3] The Court advises that Plaintiff previously filed a civil action in this Court raising similar claims against many of the same Defendants sued in this action. *See* Civil Action No. 3:15CV-312-DJH. That action was dismissed for lack of subject-matter jurisdiction by Memorandum Opinion and Order entered November 18, 2015.

Court having vacated that Order, **the Clerk of Court is DIRECTED to send a copy of this Memorandum and Order to the Controller and Assistant Controller of the Nebraska Department of Correctional Services** for their review.

Date:

cc:      Plaintiff, *pro se*
         Jeff Leeper, Controller, and Lisa Stanton, Assistant Controller, Nebraska Department of
            Correctional Services, P.O. Box 94661, Lincoln, NE 68509-4661
4413.005